DOUCET, Judge.
This is an appeal from a judgment dismissing a suit against the endorsers of a note.
On November 9, 1982, Annette C. Boyd purchased a 1979 Suns Mobile Home. In order to finance the purchase, she executed a promissory note in the amount of $27,-796.80 payable to Guaranty Bank of Mam-ou (Guaranty). The note was secured by a chattel mortgage of the mobile home to Guaranty. Annette Boyd was the sole maker of the note. It was endorsed by her husband, Danny Boyd, and by her parents, Wanda and Bobby Crisp.
On June 4, 1987, Guaranty filed a “Suit on Note with Recognition of Chattel Mortgage” naming as defendants, Annette and Danny Boyd, and Wanda and Bobby Crisp. The suit did not allege default, but only that the note “by its terms remains due and payable in the sum of Twelve Thousand Nine Hundred Seventy-Seven and 14/100 (12,977.14) Dollars, together with interest thereon at the rate of 12% per annum from July 10, 1986, until paid and Twenty-Five (25%) per cent of the entire amount as attorneys’ fees....”
The Crisps answered the suit on June 25, 1987. In their answer the Crisps alleged that Annette Boyd had filed for protection under the Bankruptcy Code.
Neither Annette nor Danny Boyd answered the suit. On July 6, 1987, counsel for Guaranty delivered the following letter to Ms. Connie Manuel at the district court in Ville Platte:
Ms. Connie Manuel
Deputy Clerk
Courthouse Building
Ville Platte, LA
Re: Guaranty Bank of Mamou
Vs: Annette C. Boyd, Danny Boyd Wanda G. Crisp, and Bobby Crisp
No: 46,441-A
Dear Connie:
Please enter a preliminary default against ANNETTE C. BOYD and DANNY BOYD ONLY, in regards to the above captioned matter and advise of the date entered.
With kindest regards and best wishes, I am,
Very truly yours,
PRESTON N. AUCOIN
According to her testimony at trial, upon receiving this letter, Ms. Manuel typed out a minute entry stating that a preliminary default was entered, and filed both letter and minute entry into the record. She did so solely on her own authority. No judge was ever consulted. The preliminary default so entered against the Boyds was confirmed in a judgment dated July 10, 1987. That judgment contained language reserving Guaranty’s rights against the Crisps.
On January 11, 1988, Annette Boyd received a discharge from the U.S. Bankruptcy Court for the Western District of Louisiana.
On January 15, 1988, at the request of Guaranty, a writ of fieri facias issued for *227 the seizure and sale of the mobile home. It was bought in by Guaranty for $2,134.00.
On March 2, 1989, the Crisps, with the Court’s permission, amended their answer to Guaranty’s suit. They alleged that the judgment rendered against the Boyds was null, thereby rendering null all proceedings based on it, including the sale of the collateral. This they alleged discharged the Boyds, and gave the Crisps, as endorsers, those defenses available to Annette Boyd as maker. They pleaded, among other things, that Guaranty failed to notify them of the seizure and sale, and impaired their right of recourse, the collateral and their right to subrogation by enforcing the invalid judgment and that Guaranty breached its obligation to subordinate the endorsers. As a result, they alleged that they had been relieved of their obligations as endorsers.
After a trial on the merits, the court rendered judgment against Guaranty dismissing its claims against the Crisps. In his reasons for judgment, the trial judge found the default judgment against the Boyds to be invalid as it was not properly entered under the provisions of La.C.C.P. art. 1701. The trial judge further found that Guaranty, by obtaining and enforcing an invalid judgment, discharged the Crisps from liability under the note.
VALIDITY OF THE DEFAULT JUDGMENT
This appeal raises two issues. The first of these is whether the trial judge coirectly found the default judgment against the Boyds to be invalid. Our review of the record and the applicable law convinces us that it was invalid.
The record shows that Ms. Connie Manuel, Deputy Clerk and Minute Clerk, entered the preliminary default upon receipt of the letter from counsel for Guaranty. This was done in the Clerk’s office and without instruction from the Judge or Clerk of Court.
While La.C.C.P. art. 284 allows the clerk of a district court to render judgments by default in certain cases, La.C.C.P. art. 286 makes it clear that this is a power limited to the clerk of court, which may not be exercised by a deputy clerk. We find no authority which would allow a deputy clerk or a minute clerk to render a default judgment in this case. Accordingly, we find that the default was improperly-entered. As a result, the trial judge correctly found the judgment rendered in connection with the default to be absolutely null.
LIABILITY OF THE CRISPS
We further find that the trial court correctly found that the Crisps were released from liability on the note by Guaranty’s sale of the collateral under an invalid judgment.
La.R.S. 10:3-606(1) states that:
“(1) The holder discharges any party to the instrument to the extent that without such party’s consent the holder
(a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishon- or with respect to any party as to whom presentment, protest or notice of dishon- or is effective or unnecessary; or
(b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.”
The act of seizing and selling the mobile home which formed the collateral for the note, under an invalid judgment is a clearly unjustifiable impairment of that collateral. As a result, Guaranty has discharged the Crisps of liability on the note to the extent that the specific security would have gone to pay the debt. Poynot v. J & T Developments, Inc., 355 So.2d 1052 (La.App. 4th Cir.1978).
At trial, only the Crisps introduced evidence as to the value of the security and the extent to which it would have gone to pay off the debt. Their appraiser, Travis *228 Knight, testified that the mobile home had a market value of $10,500.00. Further, the Crisps introduced evidence that they were entitled to a credit of $2,400.00 representing payments for rental of the trailer made to Guaranty. Guaranty did nothing to rebut this. As a result, the Crisps have shown themselves to be entitled to have the debt reduced by $12,900.00. This leaves a debt of $77.14 plus interest of 12% since the time of default, and attorney’s fees of 25% of the principal amount of the debt owed. Since the Crisps have not shown themselves entitled to a complete discharge, we must find that the trial judge erred in this respect.
Accordingly, the judgment of the trial court is reversed. IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Guaranty Bank of Mamou and against Wanda and Bobby Crisp in the amount of $77.14, together with interest of 12% from July 10, 1986, until paid, and attorney’s fees of 25%. Costs of trial and this appeal are assessed to Guaranty Bank of Mamou.
REVERSED AND RENDERED.